No. 100,821

In the Matter of JOE ELLIS LEE, *Respondent*.
(198 P.3d 140)

Opinion filed December 12, 2008.

*Alexander M. Walczak*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for petitioner.

*Joe E. Lee*, respondent, argued the cause pro se.

*Per Curiam*: This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against Respondent, Joe E. Lee, of Eureka, Kansas, an attorney licensed to practice law in Kansas since September 1986. In October 2002, 2004, 2005, and 2006, Respondent's license to practice law in Kansas was suspended for failure to comply with the annual attorney registration requirements.

On June 4, 2008, a hearing on the formal complaint was held before a hearing panel of the Kansas Board for Discipline of Attorneys. There were no objections to the notice of the hearing, to the date, time, or place of the hearing, to the composition of the hearing panel, or to the jurisdiction of the hearing panel.

After hearing the evidence presented, the panel concluded that Respondent violated five rules of professional conduct:

KRPC 1.3 (2007 Kan. Ct. R. Annot. 398) (diligence and promptness);

KRPC 1.4(a) (2007 Kan. Ct. R. Annot. 413) (communication);

KRPC 5.5(a) (2007 Kan. Ct. R. Annot. 539) (unauthorized practice of law);

KRPC 8.1(b) (2007 Kan. Ct. R. Annot. 553) (bar admission and disciplinary matters); and

KRPC 8.4(g) (2007 Kan. Ct. R. Annot. 559) (conduct adversely reflecting on lawyer's fitness to practice law).

In addition, the hearing panel found that Respondent violated:

Kansas Supreme Court Rule 207(b) (2007 Kan. Ct. R. Annot. 288) (failure to cooperate in the disciplinary investigation);

Kansas Supreme Court Rule 211(b) (2007 Kan. Ct. R. Annot. 304) (failure to respond to the formal complaint); and

Kansas Supreme Court Rule 218(a) (2007 Kan. Ct. R. Annot. 337) (disbarred or suspended attorneys).

The panel unanimously recommended that Respondent be disciplined by published censure. Respondent did not file exceptions to the final hearing report.

The panel's findings of fact, conclusions of law, and recommendations for discipline are reproduced in part as follows:

### "FINDINGS OF FACT

"The Hearing Panel finds the following facts, by clear and convincing evidence:

. . . .

"2. On June 30th of each year, the annual attorney registration requirements for the subsequent registration period are due. The Respondent failed to comply with the annual registration requirements by June 30, in 2002, 2004, 2005, and 2006.

"3. Also, in each of those years, the Clerk of the Appellate Courts forwarded notices to the Respondent that his license would be suspended if he failed to comply with the annual registration requirements. The Respondent failed to open many of the envelopes that contained the notices and he failed to comply with the annual registration requirements after the notices were received.

"4. In October, of each of those years, the Kansas Supreme Court suspended the Respondent from the practice of law for failure to comply with the annual registration requirements. The Clerk of the Appellate Courts forwarded a copy of the each of the Orders of Suspension to the Respondent. However, the Respondent failed to open many of the envelopes that contained the Orders of Suspension.

"5. The Respondent's license to practice law was suspended during the following periods of time:

| | |
|---|---|
| October 7, 2002—October 21, 2002 | 14 days |
| October 6, 2004—October 22, 2004 | 16 days |
| October 13, 2005—November 1, 2005 | 19 days |
| October 11, 2006—November 2, 2006 | 22 days |

During each of these periods of suspension, the Respondent practiced law. Also, upon suspension, the Respondent did not notify his clients, opposing counsel, or the courts that his license had been suspended.

"6. At the time his license was suspended in 2006, the Respondent was employed by the Southeast Kansas Public Defender. The Honorable Timothy Brazil

informed David A. Clark, Chief Attorney for the Southeast Kansas Public Defender['s office,] of the Respondent's suspension.

"7. Mr. Clark informed the Respondent that his license to practice law had been suspended and Mr. Clark provided the Respondent with the opportunity to resign his position rather than be terminated. The Respondent resigned his position with the Southeast Kansas Public Defender's office, complied with the annual registration requirements, and obtained the reinstatement of his license.

"8. After the Respondent resigned, Mr. Clark learned that the Respondent failed to respond or answer over 200 telephone messages and failed to file notices of appeal in two cases, *State v. Bunyard* and *State v. Warren*. At the hearing on this matter, Mr. Clark testified that he filed the notices of appeal and the clients did not suffer any loss.

"9. On November 2, 2006, Mr. Clark filed a complaint with the Disciplinary Administrator's office. On November 8, 2006, the Disciplinary Administrator sent the Respondent a letter, enclosed a copy of the complaint, and directed the Respondent to provide a written response to the complaint within 20 days. The Respondent failed to provided a written response to the complaint as directed.

"10. On December 20, 2006, Patrick T. Forbes, the attorney assigned to investigate the complaint sent the Respondent a letter and directed the Respondent to provide a written response by January 2, 2007. The Respondent failed to provide a written response to the complaint as directed by Mr. Forbes. On January 4, 2007, the Respondent spoke with Mr. Forbes by telephone. That same day, Mr. Forbes sent the Respondent a letter with enclosures and directed the Respondent to review the enclosures and call Mr. Forbes. The Respondent failed to call Mr. Forbes after reviewing the enclosures.

"11. On June 30, 2007, the Respondent's annual registration fee and continuing legal education fee for the 2007-2008 registration period were due. The Respondent did not have sufficient financial resources to comply with the annual registration requirements. As such, the Respondent did not comply with the annual registration requirements.

"12. From the time of his resignation from his employment with the Southeast Public Defender's office until August, 2007, the Respondent remain[ed] unemployed. In August, 2007, the Respondent went to work as an Assistant Librarian.

"13. In 2007, just as in the previous years, the Clerk of the Appellate Courts forwarded notices to the Respondent that his license would be suspended if he failed to comply with the annual registration requirements.

"14. On October 9, 2007, the Kansas Supreme Court suspended the Respondent from the practice of law in the State of Kansas for failure to pay his annual registration fee and his continuing legal education registration fee. The Clerk of the Appellate Courts forwarded a copy of the Order of Suspension to the Respondent.

"15. In January, 2008, the County Attorney's position in Greenwood County became vacant. A number of individuals approached the Respondent and asked him to put his name in for the job. After being approached about the County

Attorney's job, the Respondent complied with the annual registration requirements. On January 24, 2008, the Kansas Supreme Court reinstated the Respondent to the active practice of law. After his license was reinstated, the Respondent agreed to submit his name for consideration of the Greenwood County Attorney's position.

"16. In February, 2008, the Respondent was appointed as the Greenwood County Attorney. The Respondent remains in that position.

"17. On March 18, 2008, the Disciplinary Administrator sent the Respondent the Formal Complaint, Notice of Hearing, and a copy of the Disciplinary Administrator's Exhibits via certified mail. On March 24, 2008, the Respondent received the package. The Respondent failed to file an Answer to the Formal Complaint.

"18. For many years, the Respondent has suffered from severe depression. The Respondent's depression has inhibited his ability to perform some simple tasks. Through therapy and medication, the Respondent has made significant improvements.

## "CONCLUSIONS OF LAW

"1. The Respondent stipulated that he violated KRPC 1.3, KRPC 1.4, KRPC 5.5, KRPC 8.1(b), KRPC 8.4(g), Kan. Sup. Ct. R. 207(b), Kan. Sup. Ct. R. 211(b), and Kan. Sup. Ct. R. 218(a). Accordingly, based upon the Respondent's stipulation and the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.3, KRPC 1.4, KRPC 5.5, KRPC 8.1(b), KRPC 8.4(g), Kan. Sup. Ct. R. 207(b), Kan. Sup. Ct. R. 211(b), and Kan. Sup. Ct. R. 218(a), as detailed below:

"2. Attorneys must act with reasonable diligence and promptness in representing their clients. See KRPC 1.3. KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the Respondent violated KRPC 1.3 and KRPC 1.4(a) when he failed to return many telephone calls while working at the Southeast Kansas Public Defender's office. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.3 and KRPC 1.4(a).

"3. KRPC 5.5(a) prohibits the unauthorized practice of law. In 2002, 2004, 2005, and 2006, after the Kansas Supreme Court suspended the Respondent's license to practice law, the Respondent continued to practice. Because the Respondent continued to practice law when his license to do so had been suspended, the Hearing Panel concludes that the Respondent violated KRPC 5.5(a).

"4. 'It is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). The Respondent continued to practice law after his license to do so had been suspended. Practicing on a suspended license, adversely reflects on the Respondent's fitness to practice law. As such, the Hearing Panel concludes that the Respondent violated KRPC 8.4(g).

"5. Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirements in this regard. 'A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . . .' KRPC 8.1(b).

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.' Kan. Sup. Ct. R. 207(b).

The Respondent knew or should have known that he was required to forward a written response to the initial complaint—he had been instructed to do so in writing by the Disciplinary Administrator and by the attorney investigator. Because the Respondent failed to provide a written response to the initial complaint as requested by the Disciplinary Administrator and the attorney investigator, the Hearing Panel concludes that the Respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

"6. The Kansas Supreme Court Rules require attorneys to file Answers to Formal Complaints. Kan. Sup. Ct. R. 211(b) provide[s] the requirements:

'The Respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.' Kan. Sup. Ct. R. 211(b).

In this case, the Respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a written Answer to the Formal Complaint. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b).

"7. Kan. Sup. Ct. R. 218(a) provides:

'In the event any attorney licensed to practice law in Kansas shall hereafter be . . . suspended from the practice of law pursuant to these Rules, . . . such attorney shall forthwith notify in writing each client or person represented by him or her in pending matters, of his or her inability to undertake further representation of such client after the effective date of such order, and shall also notify in writing such client to obtain other counsel in each such matter. As to clients involved in pending litigation or administrative proceedings, such attorney shall also notify in writing the appropriate court or administrative body, along with opposing counsel, of such inability to further proceed, and shall file an appropriate motion to withdraw as counsel of record.'

Following his suspension in 2002, 2004, 2005, and 2006, the Respondent violated Kan. Sup. Ct. R. 218(a) when he failed to notify his clients, opposing counsel, and the courts of his suspension. Thus, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 218(a).

## "AMERICAN BAR ASSOCIATION STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to his clients to provide diligent representation and adequate communication. The Respondent violated his duty to the legal profession to comply with the annual registration requirements and to cooperate in disciplinary investigation.

"*Mental State.* The Respondent negligently violated his duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused potential injury to his clients and the legal profession.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. While the Respondent has not previously been disciplined, he has previously participated in the Attorney Diversion Program. In the previous matter, the Respondent violated KRPC 1.3, KRPC 3.2, and KRPC 8.4(d).

"A Pattern of Misconduct. The Respondent engaged in a pattern of misconduct by failing to comply with the annual registration requirements in 2002, 2004, 2005, and 2006 and by practicing law during the subsequent periods of suspension.

"Multiple Offenses. The Respondent violated KRPC 1.3, KRPC 1.4, KRPC 5.5, KRPC 8.1(b), KRPC 8.4(g), Kan. Sup. Ct. R. 207(b), Kan. Sup. Ct. R. 211(b), and Kan. Sup. Ct. R. 218(a). As such, the Respondent committed multiple offenses.

"Bad Faith Obstruction of the Disciplinary Proceeding by Failing to Comply with Rules or Orders of the Disciplinary Process. The Respondent failed to provide a written response to the complaint and the Respondent failed to file an Answer to the Formal Complaint.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1986. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for a period of 16 years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommen-

dation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"Personal or Emotional Problems if Such Misfortunes have Contributed to a Violation of the Kansas Rules of Professional Conduct. The Respondent has suffered from depression for many years. As a result of the misconduct, the Respondent has struggled with attending to many seemingly routine business matters, paying bills, completing registration forms, etc. The Respondent's depression directly contributed to his misconduct.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. At the outset of the hearing, the Respondent stipulated to the factual allegations and rule violations alleged in the Formal Complaint. As such, the Hearing Panel concludes that the Respondent cooperated in the disciplinary hearing by his complete acknowledgment of the misconduct.

"Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney. The Respondent is an active and productive member of the bar in Eureka, Kansas. He enjoys the respect of his peers and clients and generally possesses a good character and reputation as evidenced by the testimony of Mr. Clark and Mr. Forbes.

"Remorse. At the hearing on the Formal Complaint, the Respondent expressed genuine remorse.

"Any Statement by the Complainant Expressing Satisfaction with Restitution and Requesting No Discipline. At the hearing on the Formal Complaint, Mr. Clark testified that he did not know that any discipline is appropriate in this case.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.' Standard 4.43.

'Reprimand is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.' Standard 6.23.

'Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Standard 7.3.

"RECOMMENDATION

"The Deputy Disciplinary Administrator recommended that the Respondent be censured and that the censure be published in the Kansas Reports. The Re-

spondent requested that he be allowed to continue to practice law and generally joined the Deputy Disciplinary Administrator in the recommendation for published censure.

"While the Hearing Panel is cognizant of the seriousness of the Respondent's misconduct, the Hearing Panel also notes the significance of the mitigating factors present in this case. The Respondent's depression pre-dated the beginning of the misconduct, and continues to date. However, while the Respondent continues to suffer from depression, he has made significant improvement in his recovery from this debilitating condition. The Hearing Panel believes that, with his current support system, the Respondent can competently handle the demands of the position of Greenwood County Attorney. The position is not a full-time position and when the Respondent accepted this position, he understood that he could additionally develop a private practice. However, the Respondent has appropriately acknowledged that he is not currently equipped to handle the stress that would come with juggling a private practice in addition to his responsibilities as the Greenwood County Attorney."

Respondent did not file any exceptions to the panel's final hearing report and, thus, the findings of fact in the panel's report are deemed to be admitted. Supreme Court Rule 212(d) (2007 Kan. Ct. R. Annot. 317).

Based upon the findings of fact, conclusions of law, and the standards listed above, the hearing panel unanimously recommended that Respondent be censured by this court. The hearing panel further recommended that the censure be published in the Kansas Reports. The hearing panel made the recommendation of published censure, subject to the following conditions:

"1. The Respondent shall continue to participate in psychological treatment. The Respondent and his treatment professionals shall provide quarterly reports to the Disciplinary Administrator, beginning October 1, 2008, and continuing for two years.

"2. The Respondent shall timely comply with the annual registration requirements. On or before June 30, 2009, and June 30, 2010, the Respondent shall provide proof to the Disciplinary Administrator that he has fully complied with all of the annual registration requirements, including paying the annual registration fee, paying the annual continuing legal education fee, and complying with the annual continuing legal education requirements. The Hearing Panel recommends that if the Respondent fails to timely comply with the annual registration requirements in 2009 and 2010, the Disciplinary Administrator file a motion to show cause before the Kansas Supreme Court and request that the Respondent's license to be suspended for one year."

We adopt the hearing panel's findings of fact and conclusions of law. The court adopts the recommendation of the panel to impose the sanction of published censure, including the conditions outlined above.

IT IS THEREFORE ORDERED that Respondent, Joe E. Lee, be and he is hereby disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) (2007 Kan. Ct. R. Annot. 261) for violations of KRPC 1.3, 1.4(a), 5.5(a), 8.1(b), and 8.4(g).

IT IS FUTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs of these proceedings be assessed against Respondent.